IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| B___ F___, a minor, and <br> THOMAS AND BETH FORBES, individually <br> and as Next Friends of B___ F___, <br> <br> Plaintiffs, <br> <br> v. <br> <br> ABBOTT LABORATORIES, INC., <br> Serve Registered Agent: <br>     The Corporation Company <br>     120 South Central Avenue <br>     Clayton, Missouri 63105 <br> <br> and <br> <br> INTEGRITY, INC., D/B/A THE MEDICINE <br> SHOPPE <br> Serve Registered Agent: <br>     Alan P. Walters <br>     228 Main Street <br>     St. Charles, Missouri 63301 <br> <br> Defendants. | Cause No. 1222 – CC 09115 <br> <br> Division No. 1 |

FILED
JUL 31 2012
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## FIRST AMENDED PETITION FOR DAMAGES

### COUNT I - STRICT LIABILITY - FAILURE TO WARN

COME NOW plaintiffs B___ F___, a minor, and Thomas and Beth Forbes, Individually and as Next Friends of B___ F___, and for their cause of action against defendant Abbott Laboratories, Inc. and defendant Integrity, Inc., d/b/a/ The Medicine Shoppe, state as follows:

1. Plaintiffs are citizens and residents of the State of Missouri. Plaintiff B___ F___ is a minor and is represented in this action by his parents and next friends Beth and Thomas Forbes.

2. Defendant Abbott Laboratories, Inc. (hereinafter "Abbott") is and was at all

relevant times a corporation organized and existing under the laws of the State of Illinois, with its principal place of business and its headquarters in the State of Illinois.

3. At all relevant times, Abbott engaged in the business of designing, licensing, manufacturing, testing, advertising, warranting, distributing, supplying, selling, and introducing into the stream of commerce a drug compound known as "divalproex sodium," "valproic acid," or "valproate," which Abbott has sometimes marketed under brand names such as "Depakote," "Depakote ER," "Depakene," and "Depacon," all in the City of St. Louis and State of Missouri, and on a substantial and continuous basis. For purposes of this Petition, these various forms and names of the drug compound will all be referred to by their most common brand name, "Depakote."

4. Defendant Integrity, Inc., d/b/a/ The Medicine Shoppe is a pharmacy which distributed on behalf of defendant Abbott and sold in the State of Missouri to Beth and Thomas Forbes the Depakote that caused plaintiff B███ F███ injuries and the damages alleged in this case.

5. Defendant Integrity, Inc., d/b/a/ The Medicine Shoppe (hereinafter "The Medicine Shoppe") is and was at all relevant times a corporation organized and existing under the laws of the State of Missouri with its headquarters and principal place of business in the State of Missouri and with its registered agent located in the State of Missouri.

6. Venue for this action is proper in this Court pursuant to §508.010.4 RSMo., in that plaintiff Brett Forbes was first injured by the wrongful conduct alleged herein in the City of St. Louis, State of Missouri.

7. Jurisdiction is proper in this Court and this action may not be removed based on

2

diversity of citizenship because plaintiffs and defendant The Medicine Shoppe are citizens of the State of Missouri.

8. In approximately 1978, after Abbott received approval to market Depakote in the United States for treatment of certain forms of epilepsy, Abbott began marketing and placing Depakote into the stream of commerce throughout the United States and promoting Depakote as an effective anti-epileptic drug.

9. The primary compound in Depakote, valproic acid, causes an unreasonably high incidence of severe birth defects if taken during the first trimester of pregnancy, especially during the first twenty-eight days of gestation, when neural tube closure and other critical mid-line formations are taking place in the cellular structure of the developing embryo.

10. Among the severe birth defects known to result directly from first-trimester exposure to Depakote are, either singly or in some combination with each other, spina bifida, cleft palate, cleft lip, limb and digital deformities, facial dysmorphism, mental development delays, genitourinary maloformations, and heart defects.

11. Since the mid-1990s, Abbott has promoted, marketed, distributed, and sold Depakote for unapproved, off-label uses such as for treatment of mild depression, the depressive stage of bi-polar disorder, and chronic pain conditions such as migraine headaches.

12. Abbott has admitted to criminal misbranding in connection with this off-label use in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., which included paying doctors and pharmacists illegal kickbacks to induce them to promote Depakote for unapproved, off-label uses.

13. In or about April 2003, plaintiff Beth Forbes was prescribed and began taking

3

Depakote for depression.

14. During the time plaintiff Beth Forbes was taking Depakote, she unknowingly became pregnant.

15. On ▇▇▇▇▇ 2005, plaintiff Beth Forbes gave birth to plaintiff B▇ F▇ at Barnes Hospital in the City of St. Louis, Missouri, after which time B▇ F▇ was diagnosed with spina bifida.

16. At the time defendants Abbott and The Medicine Shoppe marketed, distributed, and sold the Depakote at issue in this case, it was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

17. Defendants Abbott and The Medicine Shoppe did not give an adequate warning of the dangers.

18. The Depakote at issue here was used in a manner reasonably anticipated by Abbott and The Medicine Shoppe.

19. As a direct and proximate result of the Depakote being sold without an adequate warning, plaintiff B▇ F▇ sustained serious and permanent injuries and damages including:

    (a) Disfigurement;

    (b) Permanent mental and physical impairment;

    (c) Numerous painful medical procedures;

    (d) Conscious physical pain and suffering, mental anguish, distress, embarrassment, and loss of enjoyment of life;

    (e) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment rendered to plaintiff B▇ F▇ in the past in an amount to be determined;

4

(f) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment that will be needed by plaintiff B___ F___ in the future; and

(g) Future economic damages including lost income, lost earning capacity, and other economic losses in an amount to be determined.

20. As a further direct and proximate result of the Depakote being sold without an adequate warning, plaintiffs Beth and Thomas Forbes have suffered and will continue to suffer the following damages:

(a) The reasonable value of B___ F___' services;

(b) Past and future medical, vocational, educational, and rehabilitative expenses in an amount to be determined.

21. The following conduct on the part of defendants Abbott and The Medicine Shoppe demonstrates their complete indifference to or conscious disregard for the safety of others which warrants the imposition of punitive damages to deter defendants and others similarly situated from like conduct in the future:

a. Defendants Abbott and The Medicine Shoppe knew of the unreasonably high risk of birth defects including spina bifida associated with Depakote in early-term pregnancies before it marketed, distributed, and sold the involved in this case.

b. Despite its knowledge described in the preceding paragraph, defendants Abbott and The Medicine Shoppe affirmatively minimized the aforementioned risk through its marketing and product labeling and package inserts.

WHEREFORE, plaintiffs pray judgment against defendant Abbott and defendant The Medicine Shoppe in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00),

5

exclusive of interest and costs, for their costs, for punitive damages, and for such other and further relief as the Court may deem proper in the premises.

## **COUNT II – STRICT LIABILITY – DESIGN DEFECT**

COME NOW plaintiffs and for Count II of their Petition against defendant Abbott and defendant The Medicine Shoppe, state as follows:

1. Plaintiffs incorporate by reference the allegations set forth above in this Petition, the same as if fully set forth herein.

2. Defendants sold in the course of their business the Depakote at issue in this case.

3. At the time the defendants sold the Depakote, it was in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

4. The Depakote was used in a manner reasonably anticipated by defendants.

5. As a direct and proximate result of the Depakote being in a defective and unreasonably dangerous condition when sold, plaintiff B███ F███ sustained serious and permanent injuries and damages including:

    (a) Disfigurement;

    (b) Permanent mental and physical impairment;

    (c) Numerous painful medical procedures;

    (d) Conscious physical pain and suffering, mental anguish, distress, embarrassment, and loss of enjoyment of life;

    (e) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment rendered to plaintiff B███ F███ in the past in an amount to be determined;

6

(f) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment that will be needed by plaintiff B███ F███ in the future; and

(g) Future economic damages including lost income, lost earning capacity, and other economic losses in an amount to be determined.

6. As a further direct and proximate result of the Depakote being in a defective and unreasonably dangerous condition when sold, plaintiffs Beth and Thomas Forbes have suffered and will continue to suffer the following damages:

(a) The reasonable value of B███ F███ services;

(b) Past and future medical, vocational, educational, and rehabilitative expenses in an amount to be determined.

7. The following conduct on the part of defendants demonstrates their complete indifference to or conscious disregard for the safety of others which warrants the imposition of punitive damages to deter defendants and others similarly situated from like conduct in the future:

a. Defendants knew of the unreasonably high risk of birth defects including spina bifida associated with Depakote in early-term pregnancies before it marketed, distributed, and sold the involved in this case.

b. Despite its knowledge described in the preceding paragraph, defendants affirmatively minimized the aforementioned risk through its marketing and product labeling and package inserts.

WHEREFORE, plaintiffs pray judgment against defendant Abbott and defendant The Medicine Shoppe in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00),

7

exclusive of interest and costs, for their costs, for punitive damages, and for such other and further relief as the Court may deem proper in the premises.

### **COUNT III – NEGLIGENCE – FAILURE TO WARN – DESIGN DEFECT**

COME NOW plaintiffs, and for Count III of their Petition against defendant Abbott, state as follows:

1. Plaintiffs incorporate by reference the allegations set forth in Counts I and II of this Petition, the same as if fully set forth herein.

2. Defendant Abbott failed to use ordinary care in one or more of the following respects in connection with its development, design, formulation, research, research funding, testing, product literature, product packaging, and purported product warnings:

    a. By failing to provide plaintiffs with adequate warnings of the unreasonably high risk of birth defects associated with Depakote use during the first trimester of a pregnancy;

    b. By failing to properly market the Depakote;

    c. By marketing Depakote for use beyond its original anti-epileptic purposes.

3. As a direct result of defendant Abbott's failure in one of more of the foregoing respects, plaintiff B███ F███ sustained serious and permanent injuries and damages including:

    (a) Disfigurement;

    (b) Permanent mental and physical impairment;

    (c) Numerous painful medical procedures;

8

(d) Conscious physical pain and suffering, mental anguish, distress, embarrassment, and loss of enjoyment of life;

(e) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment rendered to plaintiff B███ F███ in the past in an amount to be determined;

(f) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment that will be needed by plaintiff B███ F███ in the future; and

(g) Future economic damages including lost income, lost earning capacity, and other economic losses in an amount to be determined.

4. As a further direct and proximate result of defendant Abbott's failure in one of more of the foregoing respects, plaintiffs Beth and Thomas Forbes have suffered and will continue to suffer the following damages:

(a) The reasonable value of B███ F███ services;

(b) Past and future medical, vocational, educational, and rehabilitative expenses in an amount to be determined.

5. The following conduct on the part of defendant Abbott demonstrates Abbott's complete indifference to or conscious disregard for the safety of others which warrants the imposition of punitive damages to deter defendant Abbott and others similarly situated from like conduct in the future:

a. Defendant Abbott knew of the unreasonably high risk of birth defects including spina bifida associated with Depakote in early-term pregnancies before it marketed, distributed, and sold the involved in this case.

b. Despite its knowledge described in the preceding paragraph, defendant Abbott affirmatively minimized the aforementioned risk through its marketing and

9

product labeling and package inserts.

WHEREFORE, plaintiffs pray judgment against defendant Abbott in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest and costs, for their costs, for punitive damages, and for such other and further relief as the Court may deem proper in the premises.

### COUNT IV-NEGLIGENT PHARMACO-VIGILANCE

COME NOW plaintiffs and for Count IV of their Petition against defendant Abbott, state as follows:

1. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as if fully set forth herein.

2. Abbott has an ongoing duty of pharmaco-vigilance. As part of this duty, Abbott is required to continually monitor, test and analyze data regarding the safety, efficacy and prescribing practices of their marketed drugs, including Depakote. Abbott continually receives reports from their own clinical trials, practicing physicians, individual patients and regulatory authorities of adverse events that occur in patients taking Depakote and their other marketed drugs. Furthermore, Abbott continues to conduct clinical trials for their marketed drugs long after the drug is approved for use. Abbott has a duty to inform doctors, regulatory agencies and the public of new safety and efficacy information they learn, or should have learned, about their marketed drugs once that information becomes available to Abbott, whether through Abbott's clinical trials, other outside sources, or pharmaco-vigilance activities. Specifically, when Abbott learns, or should have learned, of new safety information associated with its marketed drugs, Abbott has a duty to promptly disseminate that data to the public. Abbott also has a duty to

10

monitor epidemiological and pharmaco-vigilance data regarding its marketed drugs and promptly report any safety concerns that arise through epidemiologic study or data.

3. Abbott breached this duty with respect to Plaintiffs. Abbott, through various sources, including but not limited to, clinical trials and other adverse event reports, learned that there was a substantial risk of birth defects associated with Depakote use during pregnancy and failed to inform doctors, regulatory agencies, and the public of this risk. Abbott had the means and the resources to perform their pharmaco-vigilance duties for the entire time Depakote has been on the market in the United States.

4. As a direct and proximate result of defendant Abbott's breach of its pharmaco-vigilance duty, plaintiff B▮ F▮ sustained serious and permanent injuries and damages including:

 (a) Disfigurement;

 (b) Permanent mental and physical impairment;

 (c) Numerous painful medical procedures;

 (d) Conscious physical pain and suffering, mental anguish, distress, embarrassment, and loss of enjoyment of life;

 (e) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment rendered to plaintiff B▮ F▮ in the past in an amount to be determined;

 (f) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment that will be needed by plaintiff B▮ F▮ in the future; and

 (g) Future economic damages including lost income, lost earning capacity, and other economic losses in an amount to be determined.

5. As a further direct and proximate result of defendant Abbott's breach of its

11

pharmaco-vigilance duty, plaintiffs Beth and Thomas Forbes have suffered and will continue to suffer the following damages:

    (a)    The reasonable value of B▮ F▮ services;

    (b)    Past and future medical, vocational, educational, and rehabilitative expenses in an amount to be determined.

6. The foregoing conduct on the part of defendant Abbott demonstrates Abbott's complete indifference to or conscious disregard for the safety of others which warrants the imposition of punitive damages to deter defendant Abbott and others similarly situated from like conduct in the future.

WHEREFORE, plaintiffs pray judgment against defendant Abbott in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest and costs, for their costs, for punitive damages, and for such other and further relief as the Court may deem proper in the premises.

## COUNT V-BREACH OF EXPRESS WARRANTY

COME NOW plaintiffs and for Count V of their Petition against defendant Abbott, state as follows:

1. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as if fully set forth herein.

2. At all times herein mentioned, Abbott, by directly and indirectly advertising, marketing, and promoting Depakote for the treatment of women during child-bearing years, including during pregnancy, and by placing this drug in the stream of commerce knowing that

12

Depakote would be prescribed to pregnant women in reliance upon the representations of Abbott, Abbott expressly warranted to all foreseeable users of the drug, including plaintiff Beth Forbes, that Depakote was safe and effective for the treatment of women during pregnancy and without significant risk to the fetus.

3. Plaintiff Beth Forbes relied upon the aforesaid express warranties by Abbott.

4. The use of Depakote by plaintiff Beth Forbes was consistent with the purposes for which Abbott directly and indirectly advertised, marketed and promoted Depakote, her use of Depakote was reasonably contemplated, intended, and foreseen by Abbott at the time of the distribution and sale of Depakote by Abbott, and, therefore, her use of Depakote was within the scope of the above-described express warranties.

5. Abbott breached the aforesaid express warranties because Depakote was not safe for the treatment of women during pregnancy. Instead, Depakote exposed the developing fetus to a significant risk of serious injury.

6. As a direct and proximate result of defendant Abbott's breach of its aforesaid express warranties, plaintiff B███ F███ sustained serious and permanent injuries and damages including:

 (a) Disfigurement;

 (b) Permanent mental and physical impairment;

 (c) Numerous painful medical procedures;

 (d) Conscious physical pain and suffering, mental anguish, distress, embarrassment, and loss of enjoyment of life;

 (e) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment rendered to plaintiff B███ F███ in the past in an amount to be

13

determined;

(f) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment that will be needed by plaintiff B▮ F▮ in the future; and

(g) Future economic damages including lost income, lost earning capacity, and other economic losses in an amount to be determined.

7. As a further direct and proximate result of defendant Abbott's breach of its aforesaid express warranties, plaintiffs Beth and Thomas Forbes have suffered and will continue to suffer the following damages:

(a) The reasonable value of B▮ F▮ services;

(b) Past and future medical, vocational, educational, and rehabilitative expenses in an amount to be determined.

WHEREFORE, Plaintiffs pray for judgment against the Abbott in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of costs, their costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT VI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

COME NOW plaintiffs, and for Count VI of their Petition against defendant Abbott and defendant The Medicine Shoppe, state as follows:

1. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs of this Petition, the same as if fully set forth herein.

2. When defendants sold the Depakote, it was not fit for one of its ordinary purposes which included the treatment of depression in women of child-bearing years.

3. Plaintiff Beth Forbes used the Depakote for such purpose.

14

4. Defendants have been given notice that the product was not fit for such purposes.

5. As a direct result of the Depakote being unfit for one or more of its purposes, plaintiff B▮ F▮ sustained serious and permanent injuries and damages including:

    (a) Disfigurement;

    (b) Permanent mental and physical impairment;

    (c) Numerous painful medical procedures;

    (d) Conscious physical pain and suffering, mental anguish, distress, embarrassment, and loss of enjoyment of life;

    (e) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment rendered to plaintiff B▮ F▮ in the past in an amount to be determined;

    (f) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment that will be needed by plaintiff B▮ F▮ in the future; and

    (g) Future economic damages including lost income, lost earning capacity, and other economic losses in an amount to be determined.

6. As a further direct and proximate result of the Depakote being unfit for one or more of its purposes, plaintiffs Beth and Thomas have suffered and will continue to suffer the following damages:

    (a) The reasonable value of B▮ F▮ services;

    (b) Past and future medical, vocational, educational, and rehabilitative expenses in an amount to be determined.

7. The foregoing conduct on the part of defendants demonstrates defendants' complete indifference to or conscious disregard for the safety of others which warrants the imposition of punitive damages to deter defendants and others similarly situated from like

15

conduct in the future.

WHEREFORE, plaintiffs pray judgment against defendant Abbott and defendant The Medicine Shoppe in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest and costs, for their costs, for punitive damages, and for such other and further relief as the Court may deem proper in the premises.

## COUNT VII-FRAUD

COME NOW plaintiffs and for Count VII of their Petition against defendant Abbott, state as follows:

1. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as if fully set forth herein.

2. In deciding whether to prescribe a drug, doctors do a risk/benefit assessment in determining which drug to prescribe. Doctors, such as Beth Forbes' doctors and healthcare providers, rely on the information received about Depakote from various sources, such as journal articles, company literature and discussions with Abbott's sales people. Such information must be accurate and provide an unbiased picture of a drug's safety and efficacy in treating a condition. If the information is false or misleading, the doctor, such as Beth Forbes' doctors and healthcare providers, cannot accurately assess the crucial risk/benefit balance for the patient or exercise professional judgment that is independent. Consequently, the doctor, including Beth Forbes' doctors and health care providers, cannot act in accordance with the professional and fiduciary obligations owed to the patient, nor can the patient, or in this instance Beth Forbes, give informed consent to the treatment.

3. Concealing adverse information and providing inaccurate or biased information

16

that is material to a prescribing decision misleads the physician and the patient who relies on that physician's professional judgment, as was the case with Beth Forbes and her doctors and healthcare providers. This misleading information, along with omissions of material facts related to Depakote's safety, causes and caused health care providers, patients and the general public to be misled about Depakote's risks and benefits and prevent doctors from making a proper risk/benefit assessment as to the use of Depakote. In flagrant and conscious disregard and indifference, Abbott denied publicly any connection between Depakote and birth defects, and failed to take any measures whatsoever to alert the public, the prescribing physicians, and the patients who take it, of the incipient dangers associated with Depakote.

4. Abbott's advertising program used affirmative misrepresentations and omissions to falsely and deceptively create the image and impression that Depakote was safe for human use; had no known unacceptable, side effects; had fewer side effects than other comparable drugs; was safe for off-label use; and would not interfere with daily life.

5. Abbott purposefully concealed, failed to disclose, misstated, downplayed and understated the health hazards and risks associated with the use of Depakote. Abbott, through promotional literature, deceived potential users and prescribers of said drug by relying on only allegedly positive information, including testimonials from allegedly satisfied users, and manipulating statistics to suggest widespread acceptability, while concealing, misstating and downplaying the known adverse and serious health effects. Abbott falsely and deceptively kept relevant information from potential Depakote users and minimized prescriber concerns regarding the safety and efficacy of Depakote.

6. In particular, in the materials disseminated by Abbott, Abbott falsely and

17

deceptively misrepresented or omitted a number of material facts regarding the previously stated allegations.

7. When said representations and/or omissions were made by Abbott, Abbott knew those representations and/or omissions to be false, or willfully, wantonly and recklessly disregarded whether the representations and/or omissions were true. These representations and/or omissions were made by Abbott with the intent of defrauding and deceiving the public in general and the medical community, and with the intent of inducing the public to take Depakote and the medical community to recommend, prescribe, and dispense Depakote for use with women during pregnancy.

8. The aforementioned misrepresentations by Abbott were reasonably relied upon by plaintiff Beth Forbes and/or her prescribing physician to their detriment.

9. As a direct and proximate result of defendant Abbott's breach of its aforesaid express warranties, plaintiff B▬ F▬ sustained serious and permanent injuries and damages including:

(a) Disfigurement;

(b) Permanent mental and physical impairment;

(c) Numerous painful medical procedures;

(d) Conscious physical pain and suffering, mental anguish, distress, embarrassment, and loss of enjoyment of life;

(e) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment rendered to plaintiff B▬ F▬ in the past in an amount to be determined;

(f) The reasonable and necessary expenses for the medical treatment, rehabilitative treatment, educational services, and vocational treatment

18

that will be needed by plaintiff B███ F███ in the future; and

(g) Future economic damages including lost income, lost earning capacity, and other economic losses in an amount to be determined.

10. As a further direct and proximate result of defendant Abbott's breach of its aforesaid express warranties, plaintiffs Beth and Thomas Forbes have suffered and will continue to suffer the following damages:

(a) The reasonable value of B███ F███ services;

(b) Past and future medical, vocational, educational, and rehabilitative expenses in an amount to be determined.

11. The foregoing conduct on the part of defendant Abbott demonstrates its complete indifference to or conscious disregard for the safety of others which warrants the imposition of punitive damages to deter Abbott and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against defendant Abbott in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, their costs, punitive damages, and for such further and other relief as the Court deems just and proper.

Respectfully Submitted,

James M. Dowd MO #40984
**THE JAMES M. DOWD LAW FIRM**
15 North Gore Avenue, Sutie 210
St. Louis, Missouri 63119
Telephone: (314) 961-4442
Facsimile: (314) 961-4452
jim@jimdowdlaw.com

**KELL LAMPIN, LLC**

19

J. Mark Kell #26413
Charles Lampin
5770 Mexico Road
St. Peters, Missouri 63376
Telephone: (636) 498-4000
Facsimile: (636) 757-0198
**Attorney for Plaintiffs**

20