UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| B.F., a minor, BETH FORBES, individually and as next friend of B.F., and THOMAS FORBES, individually and as next friend of B.F., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-CV-1760 CAS |
| ABBOTT LABORATORIES, INC., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Abbott Laboratories Inc.'s ("Abbott") motion to dismiss plaintiffs' seventh cause of action for fraud for failure to state a claim upon which relief can be granted and failure to plead fraud with particularity. The matter is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

In this products liability action, plaintiffs Thomas and Beth Forbes ("plaintiffs") individually and as Next Friends of their child B.F. assert claims against Abbott arising out of injuries resulting from B.F.'s exposure *in utero* to the medicine Depakote. Beth Forbes began taking Depakote two years before B.F.'s birth to treat mild depression. Plaintiffs allege B.F. sustained serious and permanent injuries and damages as a result of his mother's ingestion of Depakote during pregnancy, specifically that B.F. was diagnosed with spina bifida.

Plaintiffs' seventh cause of action is for fraud. Abbott moves to dismiss plaintiffs' fraud-related claim under Rule 12(b)(6) for failure to comport with Rule 9(b), which imposes the

heightened pleading requirement that the facts underlying the alleged fraudulent act be stated with particularity.  See Fed. R. Civ. P. 9(b).

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations.  See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Federal pleading standards – Rules 8, 9, and 12(b)(6) – are applied to "state substantive law to determine if a complaint makes out a claim under state law."  Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (citing Council Tower Ass'n v. Axis Specialty Ins. Co., 630 F.3d 725, 730 (8th Cir. 2011); Shady Grove Orthopedic Assoc., v. Allstate Ins. Co., 130 S. Ct. 1431, 1442 (2010)).

**Discussion**

Under Rule 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b), Fed. R. Civ. P.  Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims."  United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003) (cited case omitted).  "Under Rule 9(b), a plaintiff must plead such matters as the time, place and contents of false

representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (internal quotation marks and quoted cases omitted).

This higher degree of notice "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." United States ex rel. Joshi v. St. Luke's Hosp. Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoting Commercial Prop. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir.1995)).

Count VII of plaintiffs' complaint alleges fraud. Specifically, the complaint states that Abbott knew that birth defects resulted directly from first-trimester exposure to Depakote (Compl., ¶ 21), but it advertised Depakote as safe for women of child-bearing years (Id., Count VII, ¶¶ 4, 7) for unapproved, off-label uses (Id. at ¶ 4) like treatment of mild depression. Abbott also denied publicly any connection between Depakote and birth defects (Id. at ¶ 3). Beth Forbes' doctors relied on these false representations by prescribing the drug to her (Id. at ¶ 8), and Beth Forbes relied on the representations by agreeing to take the drug (Id.). Additionally, the complaint alleges that Beth Forbes was prescribed Depakote in April 2003 (Id. at ¶ 13). She became pregnant (Id. at ¶ 14), and on September 7, 2005, she gave birth to plaintiff B.F., who was diagnosed with spinal bifida (Id. at ¶ 15).

Here plaintiffs have pleaded facts to support the time, place, and contents of the false representations. In other words, they have pleaded the "who, what, where, when, and how" of the

alleged fraud. Abbott can respond specifically to the allegations; they are not conclusory, but contain the specifics of what was alleged, who alleged it, where, and when. Plaintiffs have met the requirement of Rule 9(b) that the circumstances constituting fraud be pleaded with particularity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Abbott Laboratories Inc.'s motion to dismiss plaintiffs' seventh cause of action for failure to state a claim is **DENIED**. [Doc. 11]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of April, 2013.