UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.F., a minor, BETH FORBES, individually and as next friend of B.F., and THOMAS FORBES, individually and as next friend of B.F.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES, INC., et al.,<br><br>        Defendants. | No. 4:12-CV-1760 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Abbott Laboratories Inc.'s ("Abbott") motion to limit the value of medical treatment rendered to minor plaintiff B.F. pursuant to Missouri Revised Statute § 490.715.5. Plaintiffs have responded to the motion. The matter is fully briefed and ready for decision. For the following reasons, the motion will be denied without prejudice.

**Background**

In this products liability action, plaintiffs Thomas and Beth Forbes ("plaintiffs") individually and as Next Friends of their child B.F. assert claims against Abbott arising out of injuries resulting from B.F.'s exposure *in utero* to the medicine Depakote. Beth Forbes began taking Depakote two years before B.F.'s birth to treat mild depression. Plaintiffs allege B.F. sustained serious and permanent injuries and damages as a result of his mother's ingestion of Depakote during pregnancy, specifically that B.F. was diagnosed with spina bifida. Trial is set for February 1, 2016.

**Discussion**

Pursuant to Missouri Revised Statute § 490.715.5 and the case management order, Abbott has filed a motion seeking to limit the value of the medical treatment rendered to minor plaintiff B.F. to the dollar amount necessary to satisfy the financial obligations to his health care providers. Section 490.715.5 states as follows:

> (1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.
>
> (2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:
>
> (a)    The medical bills incurred by a party;
>
> (b)    The amount actually paid for medical treatment rendered to a party;
>
> (c)    The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.
>
> Notwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered.

Mo. Rev. Stat. § 490.715.5.

The statue establishes a rebuttable presumption that the amounts actually paid to a medical provider represent the value of a plaintiff's medical treatment. See id.; see also Deck v. Teasley, 322 S.W.3d 536, 541 (Mo. 2010). The rebuttable presumption "places the burden of producing substantial evidence to rebut the presumed fact on the party against whom the presumption operates." Deck, 322 S.W.3d at 539.

In its motion, Abbott states that "plaintiffs have advised that because B.F.'s medical treatment is ongoing, they have not determined the amount of past medical expenses that they will claim at trial." (Def.'s Mot. ¶ 4). Further, "Abbott believes that as the case approaches trial, the parties may be able to reach an agreement and enter into a stipulation on this issue." (Id.) Plaintiffs agree with this assessment, stating that they will work to reach an agreement with Abbott regarding the amount of past medical expenses they will introduce at trial. (Pl.'s Resp. at 1). In the event the parties cannot reach an agreement on the amount of past medical expenses to claim at trial, plaintiffs ask to reserve the right to rebut the presumption set out in Missouri Revised Statute § 490.715.5.

Discovery closed in this matter on July 3, 2015. Motions for summary judgment are due September 2, 2015, and the case is scheduled for referral to mediation on October 31, 2015. Trial is set February 1, 2016. Based on the parties' representations, plaintiffs have not determined the amount of past medical expenses they anticipate claiming at trial. In any event, the parties state they will attempt to stipulate to the amount of past medical expenses to be introduced at trial.

The Court will deny without prejudice to refiling defendant's motion to limit the value of medical treatment rendered to plaintiff pursuant to § 490.715.5. If the parties cannot reach an agreement as to the amount of past medical expenses plaintiffs will claim at trial, defendant shall file thirty (30) days prior to trial its motion to limit evidence of the value of medical treatment rendered to plaintiff pursuant to § 490.715.5.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Abbott Laboratories Inc.'s motion to limit value of medical treatment rendered to minor plaintiff B.F. pursuant to Missouri Revised Statute § 490.715.5 is **DENIED without prejudice**. [Doc. 49]

**IT IS FURTHER ORDERED** that if the parties cannot reach an agreement as to the amount of past medical expenses plaintiffs will claim at trial, defendant Abbott Laboratories Inc. shall file thirty (30) days prior to the date set for trial its motion to limit evidence of the value of medical treatment rendered to plaintiff pursuant to § 490.715.5.

                                                                    **CHARLES A. SHAW**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this ___18th___ day of August, 2015.