UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| B.F. a minor, BETH FORBES, individually and as next friend of B.F. and THOMAS FORBES, individually and as next friend of B.F., | ) ) ) ) | |
| Plaintiffs | ) ) | No. 4:12-CV-1760 CAS |
| vs. | ) ) ) | JURY TRIAL DEMANDED |
| ABBOTT LABORATORIES, INC., et al | ) ) | |
| Defendants | ) ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* (NO. 2) TO EXCLUDE EVIDENCE, ARGUMENT, AND TESTIMONY REGARDING SPECULATIVE ALTERNATIVE CAUSES**

Plaintiff B.F, a minor, Beth Forbes, individually and as next friend of B.F. and Thomas Forbes, individually and as next friend of B.F. ("Plaintiffs") hereby move this Court to prohibit evidence, argument, or testimony regarding speculative alternative "causes" of B.F.'s injuries.

### I. BACKGROUND AND INTRODUCTION

Plaintiff B.F. is a minor child who suffers from severe birth defects. Plaintiffs allege that B.F.'s injuries were caused by *in utero* exposure to Depakote, a drug prescribed to his mother, Beth Forbes, to treat her bipolar disorder. Plaintiffs allege that Defendant Abbott Laboratories, Inc. ("Abbott") failed to provide adequate warnings regarding the risk of birth defects associated with Depakote use. Plaintiffs anticipate that Abbott will seek to introduce wholly speculative, irrelevant and prejudicial arguments relating to the "cause" of B.F.'s injuries, as discussed below.

Plaintiffs Motion seeks to bar Abbott from introducing evidence or argument relating to three issues: (1) that B.F.'s injuries were related to some alleged history of spina bifida in the

1

family (because the evidence establishes that there is no such history); (2) that B.F.'s injuries were caused by "genetics" (both because there is no evidence to support any relevant genetic syndrome or genetic defect, and because even if "genetics" played a role in his injuries, it would be irrelevant); and (3) from introducing evidence or argument that there were other potential causes for B.F.'s injuries because, under Missouri law, even if this were true it would be irrelevant to the issue the jury is being asked to decide (Plaintiffs are not required to prove that Depakote is the sole or only cause, only that it caused or contributed to cause his injuries).

## II. LEGAL STANDARD

To be admissible, evidence must be relevant and comport with the balancing test provided by the Federal Rules of Evidence.[1] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2] Although evidence need not "conclusively decide the ultimate issue in a case," to be considered relevant the evidence must "in some degree advance the inquiry."[3]

Even if evidence is arguably relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[4] It is well established that "certain circumstances call for the exclusion of evidence which is of unquestioned relevance" because the evidence may risk everything from "inducing decision on a purely emotional basis" to "merely wasting time."[5] "Evidence that takes

---

[1] FED. R. EVID. 401.

[2] *Id. See also United States v. Van Elsen,* 652 F.3d 955, 962 (8th Cir. 2011).

[3] *Thompson v. City of Chi.,* 472 F.3d 444, 453 (7th Cir. 2006).

[4] FED. R. EVID. 403.

[5] Adv. Comm. N. to Fed. R. Evid. 403.

2

time to present and digest but contributes little to the jurors' understanding of the real issues in the case is a kind of noise, obstructing rather than advancing understanding."[6] Such evidence "should be kept out."[7]

### III. ARGUMENT

**A. Evidence or Argument Regarding An Alleged Family History of Neural Tube Defects or Other "Genetic" Causes Should be Excluded.**

Plaintiffs anticipate Abbott will argue that genetics somehow played a role in causing B.F.'s injuries. In particular, Abbott will likely seek to argue that Beth Forbes had a relative, a paternal cousin, who had spina bifida. This is based on one errant medical record that has since conclusively been deemed incorrect.[8] Abbott should be barred from introducing argument that the Forbes family had a history of spina bifida or other birth defects because there is no evidence to support such an argument, it is otherwise irrelevant, and poses a danger of misleading or confusing the jury.

Apart from this one 1998 medical record incorrectly referencing Mrs. Forbes' paternal cousin, there are no records or evidence to support the idea that Beth or Thomas Forbes have <u>any</u> family history of birth defects, much less spina bifida or another neural tube defect. This reference does not appear in any other of the voluminous medical records that exist in this case. In fact, both Beth and Thomas Forbes testified that the medical record in question is incorrect.[9] Both Beth and Thomas Forbes also affirmatively testified that they do not have any family history of birth defects.[10] There is no evidence that this cousin or anyone else in the family has

---

[6] *U.S. v. Seals*, 419 F.3d 600, 613 (7th Cir. 2005).

[7] *Id.*

[8] *See* Exhibit A, Expert Report of Dr. John Graham ("Graham Report") (Appendices Omitted) at 13.

[9] Exhibit B, Excerpts from the Deposition of Beth Forbes ("B. Forbes Dep.") at 31:14-32:5; *see also* Exhibit C, Excerpts from the Deposition of Thomas Forbes ("T. Forbes Dep.") at 56:6-18

[10] Exhibit B, B. Forbes Dep. at 10:16-19, 20:16-18; *see also* Exhibit C, T. Forbes Dep. at 49:7-8, 49:23-25,

3

or had spina bifida (a diagnosis of a severe birth defect, which of course would be no small matter). As Abbott can point to no evidence that there was a family history of spina bifida, it should not be permitted to allege such a history existed on the bases of one discredited medical record. Not only is this irrelevant, but even if there were any marginal relevance, it would invite a prejudicial and misleading sideshow relating to the inaccuracy of a single reference in an eighteen year old medical record.

Furthermore, there is no basis for Abbott to suggest that B.F.'s injuries were caused by "genetics," have a genetic origin, or are of a genetic etiology. B.F. has never been diagnosed with any known genetic syndrome.[11] Abbott has not provided any actual evidence to support this assertion, nor would it matter in light of the standard for causation applicable to this case. It can always be speculated that "genetics" play a role in why some people contract certain diseases or illnesses and others do not, but allowing such speculation would confuse and mislead the jury in this case. For example, the jury might be led astray to think that if they believe that "genetics" played a role, that Abbott should be exonerated. That is not the law. To the extent Abbott is arguing that certain genes leave one more susceptible to the birth defects caused by Depakote, this is wholly irrelevant. Under Missouri law, it is well established that defendants are responsible for any harm caused to a plaintiff <u>regardless of any preexisting predisposition or condition</u>.[12]

---

51:16-52:3.

[11] Even Abbott's causation expert, Dr. John Graham, admits that "it is presently impossible to identify the genetic cause for most isolated birth defects" and does not identify any specific genetic anomaly or syndrome of B.F. that even allegedly caused the spina bifida in this case. *See* Exhibit A, Graham Report at 5.

[12] *See Kingman v. Dillards, Inc*., 643 F.3d 607, 612 (8th Cir. 2011)("Under Missouri law the plaintiff in a personal injury action 'may recover for the aggravation of existing ailments caused by the negligent acts of [the] defendant.' The aggravation of existing ailments for which a plaintiff may recover includes 'such damages as proximately result from the activation of dormant disease.'"). In sum, the *Kingman* court held that a plaintiff could recover even if she had "predisposition toward the serious kind of injury that resulted from" the incident or act in question. *Id.*

Thus, whether Beth Forbes' alleged (but unidentified) genetic disposition made her offspring more apt to suffer from spina bifida is unsupported by any medical evidence, irrelevant, unfairly prejudicial, and calculated to mislead and confuse the jury.

**B. Argument Relating to Other Alleged "Causes" of B.F.'s Injuries Should Be Excluded.**

Abbott's causation expert, Dr. John Graham, has stated that spina bifida, the main birth defect suffered by B.F., is "multifactorial."[13] In other words, there can be more than one contributing cause. Under Missouri law, Plaintiffs must prove that Abbott's failure to warn of Depakote's birth defect risk, and Depakote itself, "either directly caused or directly <u>contributed to cause</u> damage to plaintiff."[14] In other words, even if there were other alleged potential contributing factors to this admittedly multifactorial injury, if Depakote nonetheless <u>contributed to causing the injuries</u>, causation is established despite the existence or nonexistence of other alleged factors. Thus, presenting any argument or evidence to the jury regarding alternative causes is simply irrelevant under the circumstances of this case.

Further, this evidence bears a serious risk of confusing or misleading the jury. The jury may be lead to think, for example, that they must be certain that Depakote was the cause, the only cause, or that the existence of other potential factors exonerates Abbott from liability, which it does not under Missouri law. Given that there may be multiple causes that contribute to the development of spina bifida, the fact that Mrs. Forbes was overweight during pregnancy, or any other of the alleged alternative "causes" that Abbott will assert, are irrelevant and should be excluded.

In sum, even if Abbott's speculative alternative causes were afforded credence, as Dr.

---

[13] *See* Exhibit A, Graham Report at 1.

[14] *See* MAI 19.01. *See also Rineart v. Shelter General Ins. Co.,* 261 S.W.3d 583 (Mo. App. WD 2008).

Graham pointed out, spina bifida is a "multifactorial" defect, meaning multiple causes can contribute to its occurrence. Plaintiffs need only establish that Depakote, at a minimum, "contributed to cause" B.F.'s injuries. As such, these speculative alternative causes should be excluded as irrelevant and due to the danger of misleading and confusing the jury.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that this Court bar evidence testimony and argument relating to speculated alternative causes of B.F.'s injuries.

Respectfully submitted,

AUBUCHON, RANIERE & PANZERI. P.C.

By:  /s/Daniel A. Raniere
  Daniel A. Raniere #27027MO
  danraniere@sbcglobal.net
  1015 Locust St., Suite 905
  St. Louis, MO 63101
  (314) 621-1575 - Phone
  (314) 621-1578 – Facsimile

  John Eddie Williams, Jr.
  John T. Boundas
  Brian A. Abramson
  Sejal K. Brahmbhatt
  Margot G. Trevino
  WILLIAMS KHERKHER HART BOUNDAS, LLP
  8441 Gulf Freeway, Suite 600
  Houston, Texas  77017-5051
  Telephone:  (713) 230-2200
  Facsimile:  (713) 643-6226

  *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this April 21, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record.

                                                                     /s/Daniel A. Raniere