UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| B.F. a minor, BETH FORBES, individually and as next friend of B.F. and THOMAS FORBES, individually and as next friend of B.F. | ) ) ) ) |
| Plaintiffs | ) No. 4:12-CV-1760 CAS ) ) |
| vs. | ) JURY TRIAL DEMANDED ) |
| ABBOTT LABORATORIES, INC., et al | ) ) |
| Defendants | ) ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ABBOTT LABORATORIES, INC.'S MOTION *IN LIMINE* (NO. 6) TO EXCLUDE ALL EVIDENCE, TESTIMONY AND REFERENCES TO THE MEDICAL CONDITION OF MINOR PLAINTIFF B.F.'S SIBLINGS**

Plaintiff B.F, a minor, Beth Forbes, individually and as next friend of B.F. and Thomas Forbes, individually and as next friend of B.F. ("Plaintiffs") respectfully submit this response in opposition to Defendant Abbott Laboratories, Inc.'s Motion *in Limine* (No. 6) to Exclude All Evidence, Testimony, and References to the Medical Condition of Minor Plaintiff B.F.'s Siblings ("Abbott's Motion") (Dkt. Nos. 117).

## I. INTRODUCTION

Abbott seeks to bar Plaintiffs from discussing or referencing the "medical condition" of B.F.'s older siblings, in particular the relevant fact that both were born before Beth Forbes began taking Depakote and were born without any birth defects. Abbott's Motion should be denied. Indeed, its own causation expert, Dr. John M. Graham, places genetics, family history, and also specifically the health condition of B.F.'s siblings, at issue. Dr. Graham's report alone establishes the relevance of this information. As such, it is questionable how the probative value

1

of the fact that B.F.'s older siblings were not exposed to Depakote and were born without birth defects is outweighed by the prejudicial impact of such information. Abbott should not be permitted to present evidence that Beth Forbes was predisposed (by genetics, by family history, due to her obesity, and other factors) to having children with birth defects and at the same time argue Plaintiffs are barred from pointing out that she had two healthy children with the same father before being treated with Depakote. This is especially true in light of the fact that Abbott inexplicably argues that Depakote played no role whatsoever in causing B.F.'s injuries.

## II. LEGAL STANDARD

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."[1] "Relevance and prejudice are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules."[2] In fact, to be considered relevant, "evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable."[3] Rather, evidence must "in some degree advance the inquiry."[4] Often, evidence will be "logically relevant in more than one way"[5] as "relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."[6]

The threshold for relevant evidence is "'quite minimal,'"[7] and evidence "need not be per

---

[1] FED. R. EVID. 401.

[2] *Sprint/United Mgmt. v. Mendelsohn,* 552 U.S. 379, 387 (2008).

[3] *Thompson v. City of Chi.,* 472 F.3d 444, 453 (7th Cir. 2006).

[4] *Id.*

[5] *U.S. v. Parkes,* 668 F.3d 295, 304 (6th Cir. 2012).

[6] *Id.*

[7] *U.S. v. Omar*, 786 F.3d 1104, 1112 (8th Cir. 2015).

2

se determinative of any issue in order to be relevant."[8] If evidence is relevant, it may only be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[9] However, "[e]xclusion under Fed. R. Evid. 403 is an extraordinary remedy and should be used sparingly."[10]

### III. ARGUMENT

Beth and Thomas Forbes had two children, A.F. and H.F., before Beth Forbes ever took Depakote. Both children were born without complication and without birth defects. Dr. Graham's expert report addresses numerous alternative causes of B.F.'s injuries and explanations for why Depakote is not the cause of B.F.'s injuries. The majority of these arguments put Beth Forbes' health condition and history directly at issue.[11] Thus, the fact that A.F. and H.F. were born without birth defects – or their "medical condition" – is relevant for two key reasons.

First, <u>Dr. Graham discusses A.F.'s and H.F's medical condition in his report</u>. Dr. Graham notes that "[p]rior to [B.F.'s] birth, his parents had 2 children (without any birth defects).[12] In addition, Dr. Graham speculates about A.F. and H.F.'s health condition in support of his allegation that Beth Forbes had elevated glucose or gestational diabetes during pregnancy[13] – a possible cause of birth defects. Dr. Graham states "the medical records reflect that all of Mrs. Forbes's live-born children were large for gestational age, suggesting that she had

---

[8] *In re Multi-Piece Rims Prods. Liab. Litig.*, 545 F. Supp. 149, 150 (W.D. Mo. 1982).

[9] FED. R. EVID. 403.

[10] *Westcott v. Crinklaw*, 68 F.3d 1073, 1077-78 (8th Cir. 1995).

[11] Plaintiffs have filed a Motion *in Limine* to bar Abbott from introducing most of these arguments as they are irrelevant in light of the standard for causation under Missouri law. *See* Plaintiffs' Motion *in Limine* (No. 2) to Exclude Evidence, Argument, and Testimony Regarding Speculative Alternative Causes, Dkt. No. 144, and Memorandum in Support thereof, Dkt. No. 145.

[12] Exhibit A, Expert Report of John M. Graham, M.D. at 12 (redacted) (references and CV omitted).

[13] *Id.* at 13.

3

abnormal glucose homeostasis and may have had gestational diabetes."[14] Abbott's experts cannot speculate about A.F. and H.F.'s "medical conditions" and at the same time bar Plaintiffs from even mentioning the fact that they were born without birth defects.

Second, Dr. Graham places the Forbes family directly at issue. Dr. Graham stresses that genetics are the most common factor in causing birth defects. With respect to spina bifida in particular, Dr. Graham stated that "spina bifida is almost always multifactorial and genetic susceptibilities are always a factor.[15] In his report, Dr. Graham walks through a litany of genetic causes or "susceptibilities" related to Beth Forbes' health condition such as obesity that, if present, were certainly present during her pregnancies with A.F. and H.F. He also clearly acknowledges the relevance of a family history to the causation inquiry and even goes so far to discuss the discredited allegation that Mrs. Forbes had a paternal cousin who was born with birth defects. (Thus, Abbott is taking the position that the condition of B.F.'s second cousin is relevant but not that of B.F.'s own brother and sister.) If Abbott continues to take the position that Depakote did not play a role in B.F.'s injuries, it is clearly relevant that A.F. and H.F. were exposed to all of the same "factors" as B.F., except for Depakote.

Contrary to Abbott's assertions, merely discussing the fact that the older siblings were not exposed to Depakote and were born without birth defects would not require an impermissible discussion of details of their respective "medical conditions." Therefore, Abbott's concerns about a lack of discovery into A.F.'s and H.F.'s medical conditions fall short, particularly because Dr. Graham issued his opinions based on the depositions and records available to all parties.

In sum, given that Abbott's own expert discusses facts about A.F.'s and H.F.'s medical

---

[14] *Id.*

[15] *Id.* at 15.

conditions and Abbott's trial strategy involves placing genetics, family history and Beth Forbes' alleged "predispositions" at issue, it is clear that the fact that A.F. and H.F. were born without birth defects (and not exposed to Depakote) is relevant and admissible here. As such, Abbott's Motion should be denied.

## IV.　CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that this Court deny Abbott's Motion *in Limine* (No. 6).

Respectfully submitted,

AUBUCHON, RANIERE & PANZERI. P.C.

By: /s/Daniel A. Raniere
　　Daniel A. Raniere #27027MO
　　danraniere@sbcglobal.net
　　1015 Locust St., Suite 905
　　St. Louis, MO 63101
　　(314) 621-1575 - Phone
　　(314) 621-1578 – Facsimile

　　John Eddie Williams, Jr.
　　John T. Boundas
　　Brian A. Abramson
　　Sejal K. Brahmbhatt
　　Margot G. Trevino
　　WILLIAMS KHERKHER HART BOUNDAS, LLP
　　8441 Gulf Freeway, Suite 600
　　Houston, Texas 77017-5051
　　Telephone: (713) 230-2200
　　Facsimile: (713) 643-6226

　　***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, to be served by operation of the Court's electronic filing system on all counsel of record

                                                                      /s/Daniel A. Raniere